UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAYSAFE HOLDINGS UK LIMITED and
PAYSAFECARD.COM WERTKARTEN GMBH,

                            Plaintiffs,

              – against –

ACCRUIT, LLC, and PAYSAFE ACQUISITION, LLC,

                           Defendants.

**OPINION AND ORDER**

18 Civ. 75 (ER)

Ramos, D.J.:

       In this action for declaratory judgment, Plaintiffs Paysafe Holdings UK Limited and Paysafecard.com Wertkarten GMBH (Paysafe Holdings' wholly owned subsidiary) sue Defendants Accruit, LLC, and Paysafe Acquisition, LLC (Accruit's wholly owned subsidiary). Doc. 1. The gravamen of the action concerns a dispute over rights in the "PAYSAFE" trademark.

       Before the Court is Defendants' motion to dismiss the action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406 or, in the alternative, to transfer the action to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). For the reasons explained below, the motion is GRANTED.

## I. BACKGROUND[1]

### A. **Factual Background**

Plaintiff Paysafe Holdings is a United Kingdom limited liability company with its principal place of business in London. Doc. 30 ¶ 3. Paysafe Holdings sells, markets, and offers payment-processing goods and services throughout the United States using the PAYSAFE trademark, among other marks. *Id.* Plaintiff Paysafecard.com—Paysafe Holdings' subsidiary—is an Austrian company with its principal place of business also in Austria. *Id.* ¶ 4.

Plaintiffs are owned by Paysafe Group. Doc. 69 ¶ 1. Paysafe Group also owns a subsidiary that maintains an office in this District—namely, Paysafecard.com USA Inc.—although the subsidiary currently does not have employees residing in this District. *Id.* ¶¶ 1–3. Paysafe Group uses the subsidiary to sell, market, and offer its payment-processing services in the United States under the "PAYSAFECARD" trademark, among other marks. Doc. 30 ¶ 4.

Defendant Accruit is a Delaware limited liability corporation with its principal place of business in Denver, Colorado. Doc. 62 ¶ 3. Accruit does not maintain an office in New York. *Id.* ¶ 3. Defendant Paysafe Acquisition—Accruit's wholly owned subsidiary—is also a Delaware limited liability company based in Denver. *Id.* ¶¶ 2–3. Like Accruit, Paysafe Acquisition does not maintain an office in New York. *Id.* ¶ 4.

Defendants claim to have rightfully acquired the PAYSAFE trademark in late 2017 from PaySAFE, LLC, a non-party in this action, and, based on PaySAFE's prior use of the mark, Defendants claim rights in the PAYSAFE trademark dating as far back as 2011. *Id.* ¶ 5.

---

[1] Unless otherwise noted, the facts recounted are drawn from Plaintiffs' First Amended Complaint and accompanying exhibits. They are assumed to be true for purposes of this motion. *See Tlpanco v. Elges*, 207 F. Supp. 3d 324, 326 n.2 (S.D.N.Y. 2016); *cf. TradeComet.com LLC v. Google, Inc.*, 647 F. 3d 472, 475 (2d Cir. 2011). The Court also considers factual allegations contained in affidavits and exhibits submitted by the parties in connection with Defendants' motion to transfer venue. *See Tlpanco*, 207 F. Supp. 3d at 326 n.2.

Defendants currently use the PAYSAFE mark in connection with an online escrow service provided through their website, www.paysafeescrow.com, managed and operated from their offices in Denver, Colorado. *Id.* ¶¶ 6–7. Since their initial use of the PAYSAFE mark through as late as June 2018, Defendants have collected less than $200 in fees involving online escrow transactions in which at least one party was in this District. *Id.* ¶ 11. This figure purportedly accounts for less than 1% of the total fees collected in connection with Defendants' online escrow business during that time. *Id.* And prior to Defendants' alleged acquisition of the PAYSAFE trademark, PaySAFE, LLC, collected less than $2,000 in fees resulting from online escrow transactions in which at least one party was in this District. *Id.* ¶ 13. Defendants claim that this figure represents an "insignificant percentage of the total amount of fees collected in connection [with] their escrow business during the same time frame." *Id.*

Plaintiffs insist that they are the senior rights holder in the PAYSAFE trademark when used in connection with financial goods and services, having used this mark since at least 2009. Doc. 30 ¶¶ 1, 80. Nonetheless, Plaintiffs have long believed that the parties' respective trademark usage could coexist because whereas both parties use the term PAYSAFE, the parties' marks are stylized differently; they use their marks for different services; and their targeted consumers are sophisticated, reducing any risk of consumer confusion. *Id.* ¶¶ 68–79. However, Plaintiffs now accuse Defendants of engaging in an "extortionist campaign of interfer[ence]" with Plaintiffs' use of the PAYSAFE trademark, as Defendants have sent Plaintiffs myriad cease-and-desist letters and have filed letters of protest with the United States Patent and Trademark Office asserting that there was a likelihood of confusion between their registered trademark and several of Plaintiffs' trademark applications. *Id.* ¶¶ 49–62.

B.  **Procedural Background**

Plaintiffs filed the instant action on January 4, 2018, against PaySAFE, LLC, the purported original holder of the PAYSAFE trademark. Doc. 1. After learning that Defendants had purchased that mark from PaySAFE, LLC, Plaintiffs amended their complaint on April 3, 2018, to substitute Defendants for PaySAFE, LLC. Doc. 30.

On July 7, 2018, Defendants moved to dismiss the action for improper venue or, in the alternative, to transfer the action to the United States District Court for the District of Colorado. Doc. 60. Plaintiffs oppose both dismissal and transfer.

Subject-matter jurisdiction exists under 28 U.S.C. § 1331, as Plaintiffs ask the Court to resolve several potential claims that could arise under federal laws. *See Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018) (summary order) ("Whether there is federal question jurisdiction over a declaratory judgment action depends on whether 'a coercive action brought by the declaratory judgment defendant . . . would necessarily present a federal question." (quoting *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 196 (2014))). And Defendants have not challenged the exercise of personal jurisdiction over them. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 134 (2d Cir. 2011) ("It is well established that a party forfeits its defense of lack of personal jurisdiction by failing timely to raise the defense in its initial responsive pleading.").

## II. DISCUSSION

### A. **Venue is Proper in this District Pursuant to 28 U.S.C. § 1391(b)(1)**

It is well settled in this circuit that Plaintiffs bear the burden to establish proper venue if challenged. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). However, "[i]n the absence of discovery or an evidentiary hearing, a plaintiff seeking to defeat a motion to dismiss pursuant to . . . Rule 12(b)(3) [of the Federal Rules of Civil Procedure] for improper venue need only make a *prima facie* showing that jurisdiction exists and venue is proper." *BMW of N. Am. LLC v. M/V Courage*, 254 F. Supp. 3d 591, 596 (S.D.N.Y. 2017) (citing *Gulf Ins. Co.*, 417 F.3d at 355). "Such a showing entails making legally sufficient allegations, including an averment of facts that, if credited, would suffice to establish that jurisdiction exists and venue is proper. *Id.* (alterations omitted) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010)). Here, Plaintiffs have met their burden.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), which provides that "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Residency for venue purposes is determined by reference to § 1391(c)(2), which provides that defendant corporations, like Defendants here, are deemed residents "in any judicial district in which such defendant[s are] subject to the court's personal jurisdiction with respect to the civil action in question." Accordingly, if Defendants are subject to personal jurisdiction in this District, then venue herein is proper.

Plaintiffs contend that personal jurisdiction over Defendants is appropriate "in light of Defendants' highly interactive website and their conceded transaction with at least one party in this district." Doc. 66 at 8. The Court agrees. As an initial matter, Defendants do not dispute

5

that they are, in fact, residents of this District for venue purposes. And an independent review by the Court makes clear that personal jurisdiction over Defendants existed at the time Plaintiffs filed the instant action, given Defendants' sales in this District. *See, e.g.*, *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 18 Civ. 2897 (JPO), 2018 WL 5118638, at *3–4 (S.D.N.Y. Oct. 2018) (concluding that exercise of personal jurisdiction over defendants would comport with New York's long-arm statute and Due Process Clause of U.S. Constitution even if defendants made only a *single* purposeful sale in New York, so long as there existed a substantial relationship between the sale and the claim asserted); *see also* Doc. 62 ¶¶ 11–13 (Defendants conceding that they conducted transactions in New York using PAYSAFE trademark). Accordingly, venue is proper in this District.[2]

B. **Transfer of Venue is Appropriate Pursuant to 28 U.S.C. 1404(a)**

Notwithstanding that venue is proper, transfer of this action to the District of Colorado is nevertheless appropriate pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

---

[2] In their moving papers, Defendants point out that Plaintiffs' First Amended Complaint appears to rest venue on 28 U.S.C. § 1391(b)(2), *not* § 1391(b)(1). *See* First Am. Compl., Doc. 30 ¶ 9 ("Venue is proper in this district pursuant to 28 U.S.C. § 1391 *because a substantial part of the events giving rise to this action occurred in this district*." (emphasis added)). Defendants insinuate that Plaintiffs must amend their Complaint to sustain venue under § 1391(b)(1), given their failure to plead facts alleging that Defendants are residents of New York. Not so. *See* 17 James WM. Moore, *Moore's Federal Practice* § 110.01[5][c] (Matthew Bender 3d ed.) ("[A] plaintiff need not allege the basis for filing in a particular district court although it may be good practice to do so to forestall challenges to venue. Unlike subject matter jurisdiction, venue is not a matter that must be raised by the proponent of the forum."); 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1206 (3d ed.) ("It should be emphasized that Rule 8(a)(1) [of the Federal Rules of Civil Procedure] only deals with subject matter jurisdiction. Thus, allegations showing that the suit is brought in a district of proper venue are not required."); 14 Charles Alan Wright et al., *Federal Practice and Procedure* § 3826 (4th ed.) (explaining same). In any event, even if Defendants were correct, disposition of the instant motion would remain unchanged, as transfer of venue would nonetheless be warranted under 28 U.S.C. § 1406 "in the interest of justice" for the same reasons warranting transfer pursuant to § 1404(a), as explained *infra*. Finally, given the Court's conclusion that venue is proper pursuant to § 1391(b)(1), it declines to decide whether venue is proper under § 1391(b)(2), too.

In adjudicating a motion to transfer pursuant to § 1404(a), the Court considers two questions. The first question concerns whether the action "might have been brought" in the proposed transferee forum. *See Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 291–92 (S.D.N.Y. 2018); *accord Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 407 (S.D.N.Y. 2017) (explaining same). Assuming the answer to the first question is yes, the second question concerns whether transfer is appropriate, considering "the convenience of the parties and witnesses" and "the interest of justice." *Casey*, 338 F. Supp. 3d at 291–92. In answering this question, the Court weighs a non-exhaustive list of factors, including the following:

> (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties; (8) the forum's familiarity with the governing law; and (9) trial efficiency and the interests of justice.

*Id.* at 292 (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F. 3d 102, 112 (2d Cir. 2010)). "No one factor is dispositive[,] and the relative weight of each factor depends on the particular circumstances of the case." *Id.* (quoting *Winter v. Am. Inst. of Med. Scis. & Educ.*, 242 F. Supp. 3d 206, 213 (S.D.N.Y. 2017)).

As to the first question, the Court concludes easily—and the parties agree—that this action could have been brought in the District of Colorado. Subject-matter jurisdiction would exist there for the same reasons it exists here. And, because Defendants maintain their principal place of business in Denver, Colorado, *see* Doc. 62 ¶¶ 3–4, the District of Colorado could exercise personal jurisdiction over them and venue would be proper.

The Court thus turns to the second question—that is, whether transfer is appropriate—considering the factors above and the totality of circumstances. Moreover, the Court remains mindful that it "should not disturb a plaintiff's choice of forum unless the defendants make a

clear and convincing showing that the balance of convenience favors defendants' choice." *Argosy Capital Grp. III, L.P. v. Triangle Capital Corp.*, 17 Civ. 9845 (ER), 2019 WL 140730, at *5 (S.D.N.Y. Jan. 9, 2019) (citation omitted); *accord N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 114–15. Ultimately, the Court finds that the factors, when considered together, overwhelmingly favor transfer of this action to the District of Colorado.

### 1. Plaintiffs' Choice of Forum

Plaintiffs' choice to prosecute their action in this District is afforded minimal weight and, consequently, weighs only slightly against transfer. As mentioned above, a plaintiff's choice of forum is normally afforded significant weight and must not be disturbed absent a strong showing that the balance of convenience favors transfer. However, "[t]he weight normally accorded to the plaintiff's choice of forum is diminished substantially where plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose." *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1994); *accord Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 32 (S.D.N.Y. 2016) (collecting cases).[3] Here, Plaintiffs are foreign corporations, hailing from the United Kingdom and Austria, and the action is for declaratory judgment—"an action in which [Plaintiffs'] posture is more akin to a defendant than an ordinary plaintiff seeking relief." *Ritz Hotel, Ltd. v. Shen Mfg. Co.*, 384 F. Supp. 2d 678, 684 (S.D.N.Y. 2005) (internal quotations marks omitted); *accord Emerging Vision, Inc. v. For Eyes Optical Co.*, 06 Civ. 5823 (DAB), 2009 WL 702243, at *4 (S.D.N.Y. Mar. 16, 2009).

---

[3] Of course, this is not to say that Defendants' burden to demonstrate appropriateness of transfer is diminished because Plaintiffs are non-residents, for "[e]ven where a plaintiff is not a resident of its chosen forum, a plaintiff's choice of forum is entitled to substantial weight where the balance of factors does *not* warrant a transfer." *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 173 (S.D.N.Y. 2009) (emphasis added); *see also Murray v. British Broad. Corp.*, 81 F.3d 287, 290 (2d Cir. 1996) ("[T]his reduced weight is not an invitation to accord a foreign plaintiff's selection of an American forum *no* deference." (internal quotation marks omitted)).

8

Moreover, the weight normally afforded to Plaintiffs' choice of forum is further diminished because, as will be explained *infra*, the operative facts bear little connection to this District. *See Cartier v. D & D Jewelry Imps.*, 510 F. Supp. 2d 344, 346 (S.D.N.Y. 2007). "In the absence of factual proffers indicating that relevant evidence is likely to be located in the chosen district, the choice of a non-home district may indicate forum shopping," activity federal courts are loath to reward. *Lewis-Gursky v. Citigroup, Inc.*, 15 Civ. 3213 (LTS), 2015 WL 8675449, at *2 (S.D.N.Y. Dec. 11, 2015) (internal quotation marks omitted). Accordingly, Plaintiffs' choice of forum is afforded minimal weight.

### 2. Convenience to Witnesses

The convenience of non-party witnesses weighs strongly in favor of transfer. "The convenience of witnesses is an important consideration, and has often been described as the single most important § 1404(a) factor." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013) (citing *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989)). However, in weighing this factor, the Court remains mindful that it should "not simply transfer the inconvenience of litigation from one party to another. *See Bryant v. Potbelly Sandwich Works, LLC*, No. 17 Civ. 7638 (CM), 2018 WL 898230, at *2 (S.D.N.Y. Feb. 5, 2018).

Here, Defendants aver that their potential witnesses all reside outside of this District and instead reside mostly in the District of Colorado:

> Each of the employees who work for Accruit and/or Acquisition that may have relevant information to this lawsuit are primarily located in Colorado. These employees include Karen Kemerling (President & COO of Accruit), Melissa Salazar (Vice President of Finance), Mark Flanagan (Digital Marketing Manager), and Asher Azim (Client Service Manager). The only exceptions are Matthew Medlock (Vice President of Business Development), who is located in Nebraska, and Tracey Wilson (Vice President of Business Solutions), who is located in California. Furthermore, Accruit has engaged Larry Drury, a marketing

9

consultant in connection Accruit's PaySAFE escrow business. Mr. Drury is
located in Colorado.

Doc. 62 ¶ 9. Plaintiffs, for their part, have proffered no witnesses who reside in the District. Indeed, Plaintiffs proffer no potential witnesses whatsoever. Rather, Plaintiffs allege—without proof—that traveling to Colorado instead of New York would inconvenience their (unnamed) witnesses and (unnamed) executives.[4] *See* Doc. 69 ¶ 11. In any event, courts in this District routinely disclaim consideration of the convenience of party witnesses that reside neither in this District nor in the transferee forum. *See Eres N.V. v. Citgo Asphalt Ref. Co.*, 605 F. Supp. 2d 473, 480 (S.D.N.Y. 2009) ("The convenience of witnesses who reside in neither the current nor the transferee forum is not relevant when considering a motion to transfer venue."); *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 130 (S.D.N.Y. 2018) (rejecting foreign plaintiffs' argument that New York City "provides a convenient hub for witnesses traveling from Europe, and is convenient . . . because [their] lawyers are located in New York," finding such consideration "simply not relevant factors to consider"); *Intria Corp. v. Intira Corp.*, No. 00 Civ. 7198 (AGS), 2000 WL 1745043, at *3 (Nov. 27, 2000) (collecting cases); *Scisys-W, Ltd. v. Fid. Elecs., Ltd.*, Nos. 82 Civ. 548 & 1749 (CSH), 1982 WL 1925, at *3 (S.D.N.Y. Nov. 22, 1982) (finding "no meaningful difference between New York and Miami in respect of travel convenience and expense" with respect to witnesses of foreign corporate plaintiff). Accordingly, this factor weighs strongly in favor of transfer to the District of Colorado.

Plaintiffs nevertheless offer a panoply of other reasons why this factor does not weigh in favor of transfer. None is persuasive.

*First*, Plaintiffs point out that "[n]early all of the potential witnesses Defendants mention . . . are party witnesses." Doc. 66 at 17. This observation, however, is without

---

[4] Plaintiffs concede that, given the location of Defendants' witnesses, this factor is neutral at best. Doc. 66 at 17.

10

persuasive force. Of course, "courts in this district have observed that the convenience of non-party witnesses is accorded *more* weight than that of party witnesses." *It's a 10, Inc. v. PH Beauty Labs, Inc.*, 718 F. Supp. 2d 332, 336 (S.D.N.Y. 2010) (emphasis added) (quoting *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008)). However, Plaintiffs have haled Defendants, and consequently, their witnesses, into this forum. Accordingly, consideration of all Defendants' witnesses, whether party or non-party, is appropriate when weighing the balance of convenience vis-à-vis the parties.

*Second*, and relatedly, Plaintiffs claim that Defendants have failed to explain why testimony from their sole non-party witness, Larry Drury, would not be duplicative of any testimony from Defendants' party witnesses. Doc. 66 at 17. The Court disagrees. Defendants have averred that Drury, a marketing consultant, will provide testimony concerning "knowledge of confusion in the marketplace" and "the value of the PAYSAFE brand," *see* Doc. 61 at 17—topics both material and appropriate for Drury specifically, given that Defendants tasked him with "marketing efforts relat[ing] to the acquisition of PaySAFE," *see* Doc. 72-1.

*Third*, Plaintiffs point out that "Defendants have not indicated whether any of their witnesses sometimes travel to New York on business." *See* Doc. 66 at 17 n.9. This observation, however, is near irrelevant, as the extent of a witness's travel to this District, without more, sheds little light on whether such witness would find travel inconvenient *for litigation purposes*.

*Finally*, while Plaintiffs have offered to reduce inconvenience to Defendants' witnesses by proposing both to conduct depositions via video and to present their testimony at trial through use of deposition transcripts or video, given the general "preference for live testimony," *see DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 30 (2d Cir. 2002), and the number of witnesses for whom these accommodations would have to be made, the balance of convenience still weighs

11

strongly in favor of transfer. *See City of Pontiac Gen. Empls. Ret. Sys. V. Dell Inc.*, 14 Civ. 3644 (VSB), 2015 WL 12659925, at *4–5 (S.D.N.Y. Apr. 30, 2015).

### 3. Location of Relevant Documents and Ease of Access to Sources of Proof

The location of relevant documents and the ease of access to sources of proof do not move the needle in either direction. In this District, "courts have repeatedly found that, given the ease of electronic data storage and transfer, this factor is not as important as it once was." *Branthover v. Goldenson*, 10 Civ. 7677 (VB), 2011 WL 6179552, at *3 (S.D.N.Y. Dec. 12, 2011) (collecting cases). And here, most, if not all, of the relevant documents will be electronic or convertible to electronic format. Accordingly, the physical location of the documents makes little difference. *Cf. Am. S.S. Owners Mut. Prot. & Indemnification Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents.").

### 4. Convenience of the Parties

"The convenience of the parties is often connected to the convenience of their respective witnesses." *ESPN*, 581 F. Supp. 2d at 549–50. Here, the convenience of the parties weighs in favor of transfer for substantially the same reasons why convenience of the witnesses weighs in favor of transfer: Defendants and their witnesses reside, for the most part, in the District of Colorado. Plaintiffs, and presumably their witnesses, reside outside the country. And neither party has proffered witnesses that reside in this District.

Plaintiffs nevertheless contend that it would be more inconvenient for their witnesses to travel to Colorado as opposed to New York City. However, Plaintiffs do not explain why this is so. Nor is it plain to the Court why this would be so, especially given the dearth of evidence suggesting that Plaintiffs or any of their witnesses reside in this District. Moreover, proximity to

major airports is of little import. If courts were to accept this line of argument, "the federal courts in New York (and, perhaps, a few other jurisdictions with U.S. 'gateway' airports) would become the courts of convenience" for most foreigners. *Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997); *see also id.* n.5 (collecting cases). What's more, insofar as Plaintiffs argue that this District is more convenient to them given that their trademark counsel is here, *see* Doc. 69 ¶¶ 4–8, the Court rejects this argument as irrelevant. *See Olympia Grp., Inc. v. Cooper Indus., Inc.*, No. Civ. 7367 (MBM), 2001 WL 506219, at *2 (S.D.N.Y. Mar 14, 2001) (noting that "the convenience of the parties' lawyers is not relevant to the decision whether to transfer"); *GlaxoSmithKline Biologicals, S.A. v. Hospira Worldwide, Inc.*, No. 13 Civ. 1395, 2013 WL 2244315, at *3 (S.D.N.Y. May 21, 2013) (quoting same). Accordingly, the Court concludes that this factor weighs strongly in favor of transfer.

### 5. Locus of Operative Facts

The locus of operative facts weighs strongly in favor of transfer. "[T]he weight accorded to a plaintiff's choice of venue is significantly diminished where the operative facts have no connection to the chosen district." *Cartier*, 510 F. Supp. 2d at 346 (alterations and internal quotation marks omitted) (finding that locus of operative facts favored transfer where dispute's only connection to New York was the ordering and shipment of allegedly infringing items to New York; defendants' infringement activity occurred largely in California; defendants' website was operated in California; and defendants' infringing items were shipped from California).

Here, the underlying basis for this declaratory judgment action is Plaintiffs' receipt of several cease-and-desist letters from Defendants, allegedly prepared in Nebraska. Doc. 30 ¶¶ 1–2. This supports transfer to the District of Colorado. *See Dostana Enters. LLC v. Fed. Express Corp.*, No. 00 Civ. 0747 (RWS), 2000 WL 1170134, at *4–5 (S.D.N.Y. Aug. 16, 2000)

13

(collecting cases). What's more, given that this action relates to Defendants' acquisition and use of the PAYSAFE trademark, it makes sense to construe the operative facts as arising where the decisions to develop and use that trademark were made. *See CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d 16, 21 (S.D.N.Y. 2012); *cf. Findwhat.Com v. Overture Servs., Inc.*, No. 02 Civ. 447 (MBM), 2003 WL 402649, at *6 (S.D.N.Y. Feb. 21, 2003) ("In infringement cases, the operative facts usually relate to the design, development, and production of a patented product. (internal quotation marks omitted)). This factor therefore weighs strongly in favor of transfer.

### 6. Availability of Process to Compel Attendance of Unwilling Witnesses

The parties agree that the availability of process to compel attendance of unwilling witnesses is the same in both districts. *See* Doc. 61 at 20; Doc. 66 at 20. There appears no reason to disturb that conclusion.

### 7. Relative Means of the Parties

Consideration of the relative means of the parties does not move the needle in either direction. Defendants argue that consideration of the parties' relative means should weigh in favor of transfer. Specifically, although the Court has not been provided with evidence of the financial condition of the parties, Defendants contend that, "based on publicly available information," their revenues are less than 1% of Plaintiffs' revenues. Doc. 61 at 20. Defendants conclude from this data that the costs of defending this action in New York "will be prejudicial to [them] rather than to Plaintiffs." *Id.* The Court is unpersuaded.

"Although courts can consider the relative means of parties, this factor is not entitled to great weight where, as here, plaintiff[s] and defendant[s] are both corporations." *NBA Properties, Inc. v. Salvino, Inc.*, No. 99 Civ. 11799 (AGS), 2000 WL 323257, at *10 (S.D.N.Y. Mar. 27, 2000) (quoting *Toy Biz, Inc. v. Centuri Corp.*, 990 F. Supp. 328, 331 (S.D.N.Y. 1998)).

14

In other words, corporate defendants cannot justify transfer of venue simply by pointing out that the corporate plaintiffs are larger or wealthier. Rather, Defendants must make a showing that they would be *unduly burdened* by defending themselves in this District. *See Hummingbird USA, Inc. v. Texas Guaranteed Student Loan Corp.*, No. 06 Civ. 7672 (LTS), 2007 WL 163111, at *3 (S.D.N.Y. Jan. 22, 2007) ("[A]ny party arguing for a transfer on the basis of the relative means of the parties must offer documentation showing that granting or denying the transfer would be unduly burdensome."); *Arrow Elecs., Inc. v. Ducommun Inc.*, 724 F. Supp. 264, 266 (S.D.N.Y. 1989) ("While plaintiff is a substantially larger corporation, defendant has made no showing that defending this action in this District would be unduly burdensome. Defendant's argument reduces to a desire to shift the cost of pursuing a distant action to plaintiff. It is elemental that a mere shifting of inconveniences is not grounds for transfer.").

Here, Defendants have made no such showing. Rather, Defendants simply point out that *Plaintiffs* have not asserted that they'd be overly burdened by travel costs if made to litigate in Colorado. *See* Doc. 71 at 7–8. That much is true. However, Defendants' argument misses the mark, as it flips the requisite burden of production on its head. *Defendants* are the movants seeking to hale Plaintiffs out of their chosen forum, not the other way around. Accordingly, the relevant inquiry is whether *Defendants* will be unduly burdened by remaining in this forum. Because Defendants provide a dearth of material evidence on this factor, the Court finds that consideration of the relative means of the parties does not weigh in favor of either party's position.[5]

---

[5] Insofar as Defendants rely on an out-of-district opinion that considered whether a *plaintiff* would overly burdened by travel costs if made to litigate in another venue, *see* Doc. 71 at 7 (citing *Mola, Inc. v. Kacey Enters., LLC*, No. 10-CV-1045S, 2011 WL 3667505, at *9 (W.D.N.Y. Aug. 21, 2011)), the Court is unpersuaded by that opinion.

15

### 8. Forum's Familiarity with the Governing Law

The parties agree that the two districts are equally familiar with the governing law—namely, trademark law. *See* Doc. 61 at 20; Doc. 66 at 23. There appears no reason to disturb that conclusion. *See Dickerson*, 315 F.R.D. at 32 ("Familiarity with the governing law as a factor in determining transfer of venue is generally given little weight in federal court." (citation and alterations omitted)).

### 9. Trial Efficiency and Interest of Justice Based on Totality of Circumstances

The parties agree that considerations of trial efficiency and the interest of justice do not move the needle in either direction. *See* Doc. 61 at 20; Doc. 66 at 23. There appears no reason to disturb that conclusion.

\* \* \* \* \*

After considering the aforementioned factors and the totality of circumstances, the Court concludes that Defendants have made a strong showing that transfer is appropriate. Defendants' motion is therefore granted.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to transfer this action to the United States District Court for the District of Colorado is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 60, and to transfer the action. This Opinion and Order closes the action in this District.

It is SO ORDERED.

Dated: March 11, 2019
New York, New York

_____
Edgardo Ramos, U.S.D.J.